IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS EASTERN
DIVISION

Shenzhen Haohuasuan Technology Co. Ltd., )
                                                 Plaintiff,    )
                                                            )
   v.                                                    )    Civil Action No.:

Legiral.com, an Internet domain name    )
                                               Defendant.   )

**COMPLAINT**

Plaintiff, Shenzhen Haohuasuan Technology Co. Ltd. ("Plaintiff"), through counsel, complains against Defendant Legiral.com, an internet name, as follows:

**PARTIES**

1.    Plaintiff, Shenzhen Haohuasuan Technology Co. Ltd., is a limited liability company organized under the laws of the People's Republic of China, with its principal place of business located at C708, Block C, Zhantao Keji Building, Xinniu Community, Minzhi St, Longhua Dist, Shenzhen CHINA 518110 and is the owner of US Trademark Registration No. 5,810,151 (Exhibit 1).

2.    Defendant is the Internet domain name legiral.com which is the *res* of this *in-rem* action. Legiral.com is registered within the ".com" top-level domain.

3.    Defendant domain name, on information and belief, is registered to a Uruguayan individual(s) or company (Exhibit 2) ("John Doe"), with no known offices in the United States. Unnamed, non-defendant party John Doe is on information and

1

belief, the real party in interest and registrant/owner of the infringing domain name with registrar Godaddy.com LLC, ("Godaddy") and is the real party in interest in this *in rem* action. According to information and belief, John Doe is located in Montevideo, Uruguay. Plaintiff has been unable to locate additional information regarding John Doe's address or contact information.

4. Nondefendant registrar Godaddy is a Delaware corporation whose principal place of business is 14455 N Hayden Rd Scottsdale, AZ 85260 and is, on information and belief, registered to do business in Illinois and actively does business in Illinois. There is personal jurisdiction over Godaddy in this District Court.

5. Godaddy is a domain name registrar that, on information and belief, registered or assigned the Defendant infringing domain name.

## JURISDICTION AND VENUE

6. This action arises under the Lanham Trademark Act 15 U.S.C. §§ 1051 et seq. (the "Lanham Act") and the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), on the basis of *in rem* jurisdiction against the Internet domain name Legiral.com. Accordingly, this Court has federal question jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1221 and 28 U.S.C. §§ 1338 (a) and (b).

7. This court has *in rem* jurisdiction over the defendant Internet domain name in this action pursuant to 15 U.S.C. § 1125(d)(2)(A) as the domain name authority that registered the domain, Godaddy is registered to do business in Illinois. 15 U.S.C. Section 1125(d)(2)(A) provides that "[t]he owner of a mark may file an in rem civil action against a domain name in the judicial district in which the domain name registrar registry, or other domain name authority that registered or assigned the name is

located...."

8. Venue in this district is proper under 28 U.S.C. § 1391(b).

## WRITTEN NOTICE TO REGISTRY, REGISTRAR AND DOMAIN OWNER

9. Pursuant to 15 U.S.C § 1125(d)(2)(D)(i) Plaintiff will notify the Registry Administrator, Godaddy.com LLC, the Registrar, Godaddy.com LLC, and the hosting provider for the Internet domain names, Godaddy.com LLC, by providing them with written notice of a filed, stamped copy of this complaint as filed. As a result thereof, pursuant to said Section 1125(d)(2)(D)(ii), the defendants are required "not to transfer, suspend, or otherwise modify the domain name(s) during the pendency" of this action.

10. Plaintiff will attempt to notify by email and courier service in the form of a file stamped copy of this complaint the listed contacts for the owner and the technical, administrative or other contacts of the domain through the GoDaddy registrar's service which is the subject of this action, as shown in Exhibit 2.

## FACTS GIVING RISE TO THIS ACTION

11. This is an *in rem* action by the Plaintiff to prevent the continued infringement of its registered federal trademark by real party in interest John Doe who has registered for cybersquatting purposes the Internet domain name, legiral.com.

12. Plaintiff's United States Reg. No. 5,810,151 (Exhibit 1), the LEGIRAL trademark registration, is for "Computer mice; Computer printers for printing documents; Covers for smartphones; Digital book readers; Downloadable video recordings featuring mathematics instruction; Electric and electronic video surveillance installations; Electronic locks; Frequency converters; Gas masks; Optical scanners; Photocopiers;

Safety goggles; Smartglasses; Blank USB flash drives." Plaintiff's use the mark on the Class 9 goods is al least as early as October 13, 2017.

13. Defendant Internet domain name, legiral.com, appears to have been registered on Oct. 28, 2019 according to the Godaddy WHOIS database (Exhibit 2).

14. The registrant of legiral.com, real party in interest John Doe, does not operate a commercial site at the legiral.com web site. Instead, the inquiries to the website legiral.com are redirected to http://www.ndlatam.com (Exhibit 3). The website shows images of computers, which are related goods to the Plaintiff's Class 9 goods as shown in Exhibit 1. The redirection of the Legiral.com domain name to a website with related goods shows there is no legitimate reason for the domain name legiral.com to be registered by John Doe.

15. Defendant legiral.com name is confusingly similar to Plaintiff's LEGIRAL trademark and creates a likelihood of confusion.

16. Defendant legiral.com has been registered and holds a place as a Uniform Resource Locator (URL) on the Internet, (Exhibits 2, 3 and 4) without authorization from trademark owner Plaintiff. Upon information and belief, Defendant had bad faith intent of profiting off the registered trademark LEGIRAL by misleading and deceiving the public into believing that Legiral.com is associated or affiliated with, or sponsored by or endorsed by, the Plaintiff under the legiral.com domain name.

17. Continued registration of the Defendant Internet domain name by John Doe is, on information and belief, willful and intentional. Plaintiff has attempted to contact the registrant of the domain name since the beginning of 2021. On information and belief, an offer to sell legiral.com for a high dollar amount was communicated by

John Doe to a confidential agent.

18. Plaintiff has suffered and will continue to suffer substantial injury, including but not limited to lost advertising sales and damage to the reputation of its brand by the continued ownership of the legiral.com Web site. Consumers will also be confused by the continued maintenance of the domain name by John Doe.

## COUNT I

### (Violation of the Anti-Cybersquatting Consumer Protection Act)

19. Plaintiff incorporates the allegations in the preceding paragraphs of this Complaint as if fully set forth below.

20. The court has in-rem jurisdiction over this domain name website under 15 U.S.C. § 1125(d)(2)(A)(i) because the Plaintiff is not able to obtain in-person jurisdiction over John Doe, because on information and belief, he is located in Montevideo, Uruguay. Plaintiff has been unable to locate additional information regarding John Doe's address, requiring this in-rem action against the domain name.

21. By reason of the foregoing, Plaintiff hereby asserts a claim against Defendant for injunctive relief pursuant to 15 U.S.C. § 1125(d) with respect to Defendant's cyber piracy of Plaintiff's above-identified registered marks.

## PRAYER FOR RELIEF

### PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

WHEREFORE, Plaintiff seeks relief against Defendant as follows and prays:

22. The Court to enter judgment for the Plaintiff finding that the registration and use of the domain name legiral.com and any substantially similar domain names infringe Plaintiff's registered trademark.

23. The Court Order all those in privity, including, but not limited to, John Doe and Godaddy, to transfer registration, administration, ownership and control over the domain name legiral.com to Plaintiff.

24. To the extent available, the Court grant a permanent injunction ordering that all use of the domain name legiral.com, be disabled during the course of this action.

25. To the extent available, the Court Order John Doe, the real party in interest and all those in privity therewith, to not use the word "legiral" or any imitation thereof or words likely to cause confusion therewith.

26. To the extent available, statutory damages be awarded against the real party in interest in the Defendant domain name to the maximum extent provided by law.

27. The Court Order the registrar Godaddy, and all those in privity therewith, to cooperate in the transfer of the domain name, and any substantially similar domain names, to Plaintiff.

Dated: April 26th, 2020

Respectfully submitted,

/Frank Gao/
Frank Gao
One of Plaintiff's
attorneys

Frank Gao
David Brezina
Ladas & Parry LLP

224 S. Michigan Ave. Suite 1600
Chicago, Illinois 60604
(312) 427-1300