**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SHENZHEN HAOHUASUAN TECHNOLOGY CO. LTD., <br><br> Plaintiff, <br> v. <br><br> Legiral.com, an Internet domain name, <br><br><br> Defendant | Civil Action No.:1:21-cv-02238 <br><br> Judge Gary Feinerman <br><br> Magistrate Judge Beth W. Jantz |

### MOTION FOR APPROVAL OF SERVICE BY PUBLICATION AND ORDER FREEZING TRANSER

Now comes Plaintiff, Shenzhen Haohuasuan Technology Co. Ltd., (hereinafter "Haohuasuan" or "Plaintiff') by its counsel Ladas & Parry LLP hereby moves this Court for an Order (1) approving service by publication (2) an Order finding Defendant in Default and (3) to preliminarily enjoin the registrant of legiral.com from transferring the domain name by enjoining the registrar Godaddy from permitting such a transfer.

**INTRODUCTION**

Rule 55(a) of the Federal Rules of Civil Procedure provides that "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and the fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default". Fed. R. Civ. P. 55(a). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that this

1

Court may enter judgment by default. Fed. R. Civ. P. 55(b)(2).

Service of process was complete on registrar GoDaddy, GoDaddy put the domain name registrant on notice and the entire docket listing and documents have been made available publicly on the Internet.

**THE PARTIES**

There are two real parties to this action, an apparent Paraguayan individual, the real party in interest, and the defendant domain name www.legiral.com *in rem*.

In the present situation, Plaintiff filed this action on April 26, 2021, alleging violation of the Anti-Cybersquatting Consumer Protection Act (ACPA) 15 U.S.C. 1125 (d). See Complaint, Doc. #1, Case No. 21-cv-02238.

The publicly available information on domain name registrant's address yields nothing, Doc. #1-2, but the registrant Godaddy would have contact information and under the auspices of the ACPA, serving a Complaint in rem contemplates working through the registrar – in part, that is why personal jurisdiction over the registrar (present here for Godaddy) is required.  Pursuant to ACPA copies of the original Complaint were sent via USPS to Godaddy, Inc., the domain name registrant, on April 27, 2021, See Ex. A, and via Electronic Mail on April 28, 2021. See Ex. B.  Godaddy acknowledged receipt and stated that it would freeze transfer for 30 days unless extended by Court Order.  Ex. C

Additionally, on April 29, 2021, Plaintiff's process server, ATG Legal service, Inc. served the Summons and Complaint on the Registered Agent for Godaddy.com.  Return of service was filed with the Court.  Doc #7.

## *IN REM* SERVICE OF PROCESS INCLUDING MAIL AND EMAIL

The Amended Complaint was served on domain name registrar Godaddy pursuant to ACPA service of process requirements:

(1) Notice of Mailing, Document #7, (15 USC 1125(d)(2)(A)(ii)(II)(aa))

(2) Certificate of Service by Electronic Mailing (15 USC 1125(d)(2)(A)(ii)(II)(aa) and (bb)) to Domain name registrant. Godaddy provided confirmation that it served the Complaint, Ex. C.

The attempts to communicate with Domain name registrant meet the diligence requirement, but due to privacy of information, direct contact is structurally unsuccessful. 15 USC 1125(d)(2)(A)(ii)(II). Service of Process of the *in rem* action on the domain name registrar, Godaddy, has been completed. 15 USC 1125(d)(2)(B).

The Complaint is also published. The entire docket, with free links to download the pleadings is published on the Courtlistener – Recap website:

https://www.courtlistener.com/docket/59924142/shenzhen-haohuasuan-technology-co-ltd-v-legiralcom/ . Being available on the Internet, for free, with copies downloadable, for free, is better notice than traditional publication like the printed Chicago Daily Law Bulletin.

Thus, there has been both mail and email notice under the ACPA, formal service of process, and publication. Approving service of process on Defendant by publication pursuant to Federal Rule of Civil Procedure 4(e) and 735 ILCS 5/2-203.1, is supported by the facts.

The docket reveals that, although there was return of service more than 21 days ago, no Answer or otherwise plead motion has been filed. Defendant, *in rem* domain name legiral.com is in default under Rule 54 (a).

The remedy under the ACPA is transfer of the domain name. A Rule 54 (b) Judgment ordering Godaddy to transfer the domain name to Plaintiff is in order.

### ORDER EXTENDING FREEZE ON DOMAIN NAME TRANSFER

Contemplating a need for procedural considerations,Godaddy.com LLC should not release the hold on transferring of domain name to anyone other than Plaintiff. Unless a final Order transferring, and actions responsive thereto effective before May 29, 2021, the domain name registrant could, in theory, sell (or transfer) the domain name to another entity, which would complicate the current lawsuit.

Plaintiff respectfully moves this Court Order Godaddy to not transfer the domain name to any entity other than Plaintiff.

### CONCLUSION

The multi-part service in the *in rem* case has been accomplished. Accordingly Plaintiff moves that this court enter default judgment in its favor and against:

(1) the domain name www.legiral.com, *in rem* is in default under Rule 54 (a);

(2) Pursuant to Rule 54 (b) Godaddy shall transfer the domain name to Plaintiff;

(3) Until the transfer in (2) is accomplished Godaddy.com shall continue its hold on transferring legiral.com.


Respectfully submitted,

By: /Frank Gao/

One of Plaintiff's attorneys

Frank Gao
David C. Brezina
Ladas & Parry LLP
224 S. Michigan Ave. Suite 1600
Chicago, Illinois 60604
(312) 427-1300

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing was by electronic mailing this 21th day of May, 2021 to:

GoDaddy.com, LLC
14455 N Hayden Rd #226
Scottsdale, AZ 85260
Via Email To:
Courtdisputes@godaddy.com

By: _____
One of Plaintiff's attorneys

By: <u>/Frank Gao/</u>
One of Plaintiff's attorneys

Frank Gao
David C. Brezina
Ladas & Parry LLP
224 S. Michigan Ave. Suite 1600
Chicago, Illinois 60604
(312) 427-1300